IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|  |  |  |
|---|---|---|
| ANTHONY and JACKIE GRIFFIN, Individually and as parents and guardians of JALEN, ASIA and COURTNEY GRIFFIN, minor persons, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 08-2283-Ml/P |
| vs. | ) ) ) | |
| NAVISTAR, INC., f/k/a INTERNATIONAL TRUCK AND ENGINE CORPORATION, | ) ) ) | |
| Defendant. | | |

---

**ORDER DENYING DEFENDANT'S MOTION TO PRECLUDE PLAINTIFFS FROM DISCLOSING EXPERT WITNESSES AND GRANTING ALTERNATIVE MOTION TO AMEND THE DEADLINE FOR DEFENDANT TO DISCLOSE EXPERT WITNESSES**

---

Before the court by order of reference is defendants' Motion to Preclude Plaintiffs From Disclosing Expert Witnesses or, Alternatively, to Amend the Deadline for Defendant to Disclose Expert Witnesses, filed February 26, 2009. (D.E. 27). Rule 16 authorizes the court to enter a scheduling order limiting the time a party has to file motions, complete discovery, and disclose experts. Rule 16 provides that a scheduling order "shall not be modified except upon a showing of good cause. . . ." Fed. R. Civ. P. 16(b). Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension."

Fed. R. Civ. P. 16 advisory committee notes (1983). In deciding whether the moving party has shown sufficient good cause to modify the scheduling order, the court considers two factors: the movant's diligence in attempting to meet the scheduling order's deadlines and the potential prejudice to the opposing party if the scheduling order is amended. Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003) (citations omitted).

Here, the court finds that plaintiffs have sufficiently demonstrated good cause to amend the scheduling order for purposes of allowing the late expert disclosures. The depositions of the first responders to the scene of the accident were taken on January 27, the transcripts were not made available until late February, and plaintiffs' expert(s) will need to review these deposition transcripts before rendering an opinion. The extreme sanction of exclusion is not warranted under these circumstances, and the defendant will not be prejudiced by the late disclosure because the case has not yet been set for trial and the court will extend the deadline for defendant to disclose its experts.

For these reasons, defendant's Motion to Preclude is DENIED. Defendant's alternative Motion to Amend the Deadline for Defendant to Disclose Expert Witnesses is GRANTED. Plaintiffs shall have until May 15, 2009, to disclose their experts in compliance with Rule 26(a)(2), including providing written reports for any expert who is retained or specially employed to provide expert testimony.

Defendant shall have until July 1, 2009 to disclose its experts. Expert depositions shall be completed by August 1, 2009, and dispositive motions shall be filed by no later than September 15, 2009. All other deadlines and provisions contained in the original scheduling order, including the discovery deadline, shall remain the same.

The parties will be notified of the trial date by separate order from the court.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 17, 2009
Date